**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **VERONICA FROSTBUTTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. CBD-12-2388** |
| | ) | |
| **BOB EVANS FARMS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Before this Court are Defendant Bob Evans Farms, Inc.'s Motion For Summary
Judgment (ECF No. 32) ("Defendant's Motion for Summary Judgment") and Objection and
Motion To Strike (ECF No. 38) ("Defendant's Motion to Strike"). The Court has reviewed
Defendant's motions, related memoranda, and applicable law. No hearing is deemed necessary.
*See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS
Defendant's Motion to Strike and DENIES Defendant's Motion for Summary Judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a premises-liability case in which Plaintiff alleges that she tripped on an
unreasonably dangerous decorative curtain hanging under the sink in the restroom at Defendant's
restaurant. Compl. ¶ 3 (ECF No. 2); Pl.'s Opp. Br. 7 (ECF No. 35). It is undisputed that
Plaintiff sustained injuries when she fell in the restroom of Defendant's restaurant on April 16,
2011. Def.'s Br. 7-8. However, the parties vigorously contest the cause of that fall and whether
Defendant acted negligently in maintaining the decorative curtain under the sink.

Plaintiff is a regular customer of Defendant's restaurant in Prince Frederick, Maryland, having eaten there "just about every day" for approximately the past twelve years before her fall. Pl.'s Opp. Br. Ex 1, Frostbutter Dep. Tr. 9:13-9:14, 42:4-42:9. On April 16, 2011, Plaintiff was accompanied to the restaurant by her longtime partner, William Godfrey. *Id*. at 6:7-6:9. According to Plaintiff, it was raining that morning when they arrived to the restaurant and she went into the bathroom to wash her hands and wipe the moisture off her glasses. *Id*. at 41:4-41:25. She testified that there was another unidentified woman standing next to her and talking with her at the sink. *Id*. When Plaintiff turned to leave the bathroom, she says that her "foot got caught" and she fell, landing on her hip. *Id*. at 41:23-41:25, 50:19-52:17. After the fall, Plaintiff states that she was looking up at the second woman and trying not to pass out when she heard the woman telling another person that "the curtain grabbed her foot." *Id*. at 52:20-52:23, 96:12-96:19. When asked as to her own perception of what caused her fall, Plaintiff said that the curtain "must have wrapped around her foot." *Id*. at 55:8-55:17. The parties dispute whether Plaintiff's use of the term "must have" indicates that she was uncertain about what caused her fall. Def.'s Br. 8; Pl.'s Opp. Br. to Def.'s Mot. to Strike 3-4 (ECF No. 40). In order to clarify her perception, Plaintiff appended an affidavit to her opposition brief stating more conclusively that she fell because her foot was caught on the curtain. Pl.'s Opp. Br. Ex. 9. Defendant has moved to strike this affidavit from the record, as will be addressed below.

It is undisputed that the curtain underneath the sink in woman's restroom had been there for a significant amount of time prior to the fall. Plaintiff testified that it had "always" been there "for a long time." Frostbutter Dep. Tr. 59:5-49:7. Plaintiff said that she had previously noticed the curtain because it is "the first thing you see" when entering the restroom. *Id*. at 50:3-50:8. According to David Alaniz, Defendant's general manager at the time, the curtain was

already there when he began managing the store a year or two before the incident.  Pl.'s Opp. Br. Ex. 2, Alaniz Dep. Tr. 29:9-30:18.  The assistant general manager, Tammera Connelly, testified in her deposition that the curtain had been there for at least five years.  Pl.'s Opp. Br. Ex. 6(b), Connelly Dep. Tr. 12:17-12:19.  She also testified that no one had ever complained about the curtain and that there had been no prior incidents involving it.  *Id*. at 17:5-17:13.

A central factual dispute is whether and to what degree the curtain hung overlapping the floor.  Plaintiff testified that the curtain touched and "went over" the floor.  Frostbutter Dep. Tr. 49:13-50:2.  Of the eleven of Defendant's employees who have been deposed, only the host Matthew Twinam recalled that the curtain hung with an inch of slack.  Pl.'s Opp. Br. Ex. 4, Twinam Dep. Tr. 19:8-21:20.  Several other deponents remembered the curtain as just touching the floor or hanging slightly above it.  Alaniz Dep. Tr. 25:6-25:11 ("It just touched the floor."); Pl.'s Opp. Br. Ex. 3, Owens Dep. Tr. 23:15-23:20 ("It was close to the floor but not on the floor."); Ex. 6(b), Connelly Dep. Tr. 7:22-8-14 ("It was hung about I'd say half inch to an inch to the floor."); Ex. 7, Blankenship Dep. Tr. 27:1-27:9 ("[I]t was maybe an inch to two inches off of the ground."); Ex. 8, Mueller Dep. Tr. 14:22-15:21 ("[U]sually it would not touch the ground . . . . [I]t would be about an inch off the ground."); Ex. 11, Gilbert Dep. Tr. 24:19-25:9 (about a quarter of an inch based on visual demonstration and measurement); Ex. 12, Horstkamp Dep. Tr. 10:18-11:2 ("[I]t didn't lap over . . . it just hung to the bottom of the floor.").

## ANALYSIS

Rule 56 of the Federal Rules of Civil Procedure provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party is entitled to summary judgment when the nonmoving party "fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court views "facts and reasonable inferences in the light most favorable to the non-moving party." *Dulaney v. Packaging Corp. of America*, 673 F.3d 323, 330 (4th Cir. 2012); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *Dulaney*, 673 F.3d at 330 (citing *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996)).

To establish the tort of negligence, a plaintiff must prove that the defendant breached a duty to protect the plaintiff from injury, proximately causing the plaintiff to sustain actual injury or loss. *Brown v. Dermer*, 744 A.2d 47, 54 (Md. 2000), *overruled in part on other grounds by Brooks v. Lewin Realty*, 835 A.2d 616 (Md. 2003). To find that a business owner breached the duty of care owed to a business invitee under Maryland law, the plaintiff must prove (1) that the storeowner had actual or constructive notice of a condition which created an unreasonable risk of harm to the invitee, (2) that the storeowner should have anticipated that the invitee would not discover the condition or realize the danger, or would fail to protect herself from the danger, and (3) that the storeowner failed to take reasonable means to make the premises safe or to give adequate warning of the condition to the invitee. *Lloyd v. Bowles*, 273 A.2d 193, 196 (Md. 1971) (citing *Gast, Inc. v. Kitchner*, 234 A.2d 172 (1967)); *see also Gellerman v. Shawan Rd. Hotel Ltd. P'ship*, 5 F. Supp. 2d 351, 353 (D. Md. 1998).

Defendant makes several arguments in support of its Motion for Summary Judgment. First, it argues as a matter of law that the placement of a curtain underneath the sink in the

4

woman's bathroom does not create an unreasonably dangerous condition.  Second, Defendant

argues that even if a dangerous condition existed Plaintiff has not established the requisite actual

or constructive notice.  Third, Defendant argues that Plaintiff's causation evidence is too

speculative to withstand summary judgment.  Fourth, Defendant argues that the curtain was an

open and obvious condition of which it had no duty to warn Plaintiff, who was contributorily

negligent as a matter of law.  Before addressing these arguments, the Court will resolve

Defendant's Motion to Strike to make clear what evidence it is relying on in resolving

Defendant's Motion for Summary Judgment.

I.     **The Court may not consider Plaintiff's affidavit to the extent it contradicts or is inconsistent with her deposition testimony.**

Defendant asks the Court to strike an affidavit Plaintiff appended to her opposition brief

("Plaintiff's affidavit") in which she further recounts under oath the circumstances of her fall.

Pl.'s Opp. Br. Ex. 9.  On a motion for summary judgment, the non-moving party may not create

a material issue of fact by submitting an affidavit contradicting prior statements.  *Yost v. Hardees*

*of Tazewell*, No. 93-2256, 1994 WL 232343, at *3 (4th Cir. June 1, 1994); *Barwick v. Celotex*

*Corp.*, 736 F.2d 946, 959-60 (4th Cir. 1984), *superseded by statute on other grounds as stated in*

*Blackwell v. City of Concord*, No. 1:11CV328, 2013 WL 395107, at *3 n.3 (M.D.N.C. Jan. 31,

2013).  Further, conclusory and uncorroborated statements made in an affidavit by the non-

moving party are not sufficient to create a genuine factual dispute.  *Nat'l Enterprises, Inc. v.*

*Barnes*, 201 F.3d 331, 335 (4th Cir. 2000); *Evans v. Technologies Applications & Serv. Co.*, 80

F.3d 954, 962 (4th Cir. 1996); *2315 St. Paul St., LLC v. Hartford Fire Ins. Co.*, No. GLR-10-

3641, 2012 WL 2450167, at *3 (D. Md. June 25, 2012).  It would greatly undermine the utility of

Federal Rule of Civil Procedure 56 if parties could create factual disputes out of whole cloth

simply by swearing out a self-serving affidavit to meet the elements of a claim. *See Andrade v. Aerotek, Inc.*, 700 F. Supp. 2d 738, 740 n.1 (D. Md. 2010) (quoting *Barwick*, 736 F.2d at 960).

Plaintiff's affidavit is essentially a condensed and more precisely worded version of her deposition testimony regarding her fall. In it she states:

> When I turned around to walk away from the sink, my left foot was caught on a curtain that hung underneath the sink. As a result, I fell back and fell to the floor and was injured. My foot was caught on the curtain and not on any other surface or object. That is why I fell and was injured. The curtain caused me to fall. Prior to and during my fall, I did not experience dizziness or any loss of consciousness.

Pl.'s Opp. Br. Ex. 9 ¶¶ 4-6. Defendant claims that this statement is self-serving, conclusory, and contradicts her deposition testimony. Def.'s Mot. 2-3 (ECF No. 38). Plaintiff argues that it merely supports and clarifies her previous testimony, and is not conclusory because it is corroborated by her deposition testimony and the unidentified hearsay witness discussed above. Pl.'s Opp. Br. 7, 9-10 (ECF No. 40). Plaintiff suggests that the lack of clarity in her deposition was due to Defendant's decision not to question her more extensively regarding the fall and therefore the affidavit is required to state the facts "more clearly." *Id.* at 10.

Plaintiff's arguments are unavailing. To the extent that anything in Plaintiff's affidavit contradicts her deposition testimony, the Court cannot consider it. Any portions that are consistent with her deposition testimony possess no additional evidentiary weight as they merely repeat what Plaintiff has already testified to. Further, Plaintiff's affidavit is highly conclusory and self-serving as it merely reiterates her theory of the case, without any additional corroboration aside from that which was already before the Court. Therefore, Plaintiff's affidavit has no independent evidentiary weight and the Motion to Strike will be granted. The Court will decide Defendant's Motion for Summary Judgment based on the remaining evidentiary materials.

**II.     Plaintiff has provided sufficient evidence for a reasonable jury to find that the curtain in the restroom of Defendant's store was a dangerous condition.**

Defendant argues that there is insufficient evidence that the curtain under the sink in its restroom was an unreasonably dangerous condition at the time of Plaintiff's fall.  Def.'s Br 11-12 (ECF No. 32).  The duty owed by business owners to business invitees on their premises is one of ordinary care to protect the invitee from any unreasonable risk.  *Sherman v. Suburban Trust Co.*, 384 A.2d 76, 79 (Md. 1978); *Moulden v. Greenbelt Consumer Servs., Inc.*, 210 A.2d 724, 725 (Md. 1965); *Baltimore Gas & Elec. Co. v. Flippo*, 684 A.2d 456, 459 (Md. Ct. Spec. App. 1996), *aff'd*, 705 A.2d 1144 (Md. 1998).  "[S]torekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises."  *Rehn v. Westfield Am.*, 837 A.2d 981, 984 (Md. Ct. Spec. App. 2003) (quoting *Giant Food, Inc. v. Mitchell*, 640 A.2d 1134 (Md. 1994)).  Nonetheless, "Maryland courts typically deny summary judgment motions in cases in which a store patron fell as a result of an obstacle known to or created by store employees."  *Payne v. Wal-Mart Stores, Inc.*, No. SAG-10-CV-2241, 2011 WL 6738501, at *2 (D. Md. Dec. 21, 2011) (citing *Tennant v. Shoppers Food Warehouse MD. Corp.,* 693 A.2d 370, 377 (Md. Ct. Spec. App. 1997)).

Defendant states simply that there "is no evidence that the curtain posed a danger at the time of Plaintiff's fall."  Def.'s Br. 12.  Defendant argues that even if the curtain overlapped onto the floor as Plaintiff states, this was the way the curtain always hung and there have been no prior accidents attributed to it.  *Id.*  Plaintiff counters with the deposition testimony of Defendant's former general manager that a curtain hanging onto the floor would have been a tripping hazard.  Pl.'s Opp. Br. 10, Ex. 2, Alaniz Dep. Tr. 38:17-39:4 (ECF No. 35).  Plaintiff also cites to the deposition testimony of the host Mr. Twinam that the curtain hung over the floor

with an inch of slack. *Id.*, Twinam Dep. Tr. 19:8-21:20. Plaintiff also testified at deposition that the curtain touched and went over the floor. Frostbutter Dep. Tr. 49:13-49:25.

Neither party during discovery was able to produce the precise measurements of the length of the curtain and the distance from the sink to the floor. In Plaintiff's Motion in Limine Regarding Defendant's Spoliation of Sanctions ("Plaintiff's Motion in Limine") (ECF No. 27), she recounts the deposition testimony which revealed that Defendant's employees threw away the curtain shortly after the accident, contrary to company policy. The Court will reserve ruling on Plaintiff's Motion in Limine until closer to the time of trial. However, Plaintiff persuasively argues that at the summary judgment stage (where all factual inferences must be construed in her favor) the disposal of the curtain increases the degree of uncertainty and thus factual dispute over its condition and possible dangerousness. Pl.'s Opp. Br. 9.

The situation appears to the Court as a classic dispute of fact. Even if several witnesses testified that the curtain did not touch the floor, viewing the facts in the light most favorable to Plaintiff the Court must accept that the curtain hung over the floor. Defendant has not provided any authority for its position that a curtain overlapping a bathroom floor is not an unreasonably dangerous condition as a matter of law, and the testimony of its former general manager provides sufficient evidence to the contrary. Therefore, a reasonable jury could find that the curtain hanging below the sink was unreasonably dangerous.

### III. Plaintiff is not required to establish constructive notice because the allegedly dangerous condition was created by an overt action of Defendant.

Defendant argues that there is insufficient evidence that it had actual or constructive notice that the allegedly dangerous condition existed. Def.'s Br. 13-14. Under Maryland law, the burden is on the plaintiff to establish that the defendant had actual or constructive knowledge of a dangerous condition. *Moulden v. Greenbelt Consumer Servs., Inc.*, 210 A.2d 724, 726 (Md.

1965); *Rehn v. Westfield Am.*, 837 A.2d 981, 984 (Md. Ct. Spec. App. 2003). However, there are two distinct notice requirements depending on whether the dangerous condition was created by an overt act of the defendant or by a third party. *Keene v. Arlan's Dep't Store of Baltimore, Inc.*, 370 A.2d 124, 128 (Md. Ct. Spec. App. 1977). Notice is generally not at issue in overt act cases, in which the defendant or its employees have intentionally and purposefully created the condition which the plaintiff alleges to be unreasonably dangerous. *See Keene*, 370 A.2d at 128 (citing waxing or oiling of floor as examples of overt acts of which constructive notice need not be shown). Under such circumstances, a defendant can be presumed to have actual knowledge of a condition that it created itself. Issues of constructive notice are far more present in the "foreign object" cases, which address the duty of a property owner to exercise reasonable care to discover and remove hazards that have been left by a third party or by forces of nature. *See Deering Woods Condo. Ass'n v. Spoon*, 833 A.2d 17, 24-25 (Md. 2003) (quoting *Moore v. American Stores Co.*, 182 A. 436 (Md. 1936)) (listing factors for determining constructive notice in context of a suit for icy conditions on a pedestrian pathway); *Rehn*, 837 A.2d at 984 ("When another patron creates the danger, the proprietor may be liable if it has actual notice and sufficient opportunity to either correct the problem or warn its other customers about it."). Cases of this second type commonly involve liquids or other refuse spilled on a store owner's premises by a third party. *See, e.g.*, *Moore*, 182 A. at 437 (grease on the floor in a grocery store); *Rehn*, 837 A.2d at 982 (spilled soda in a fast-food restaurant).

A Maryland case that illustrates the distinction between the two types of notice requirement is *Tennant v. Shoppers Food Warehouse Md. Corp.*, 693 A.2d 370 (Md. Ct. Spec. App. 1997). There, the plaintiff alleged that she tripped on a pile of spinach and cabbage that had been neatly swept into a pile by one of the defendant grocery store's employees. *Id.* at 373.

An empty box left under a display case by an employee also contributed to her fall. *Id*. The court found that the case did not invoke "the duty to inspect for hazards created by third parties," but rather "alleged affirmative acts" by the defendant in the sweeping of the pile and the placement of the empty box. *Id*. at 375. The court distinguished the plaintiff's situation from that in *Moulden v. Greenbelt Consumer Servs., Inc.*, 210 A.2d 724 (Md. 1965), where the plaintiff had tripped on a string bean in an aisle of a grocery store, and the Court of Appeals affirmed summary judgment for the defendant because there was no evidence of constructive notice. *Id*. at 726. In *Moulden*, it was possible that a customer had dropped the string bean immediately before the plaintiff fell, so some evidence of notice was required. *Id*.; *Tennant*, 693 A.2d at 377. In contrast, notice was "not at issue" at the summary judgment stage in *Tennant* because it involved only the defendant's own actions. *Tennant*, 693 A.2d at 377. However, the court was careful to clarify that a store owner is not presumed to be on notice of all of its employees' actions; for example, if an employee were to unwittingly or unknowingly drop grapes on the ground constructive notice would be required. *Id*.

This case falls squarely within the "overt acts" category of cases, not the "foreign objects" category. The deposition testimony of Defendant's own employees establishes that they intentionally installed the curtain under the sink in the restroom. The assistant general manager Ms. Connelly, testifying as Defendant's Rule 30(b)(6) corporate designee, stated that the preceding general manager had the curtain installed at least five years prior to the incident for decorative purposes. Pl.'s Opp. Br. Ex. 6(b), Connelly Dep. Tr. 12:17-13:13. Further, Defendant's employees plainly had actual knowledge of the curtain. Numerous employees testified that they observed the curtain during the course of performing their regular duties. *See supra*, Factual and Procedural Background. Mr. Alaniz testified that he requested permission

from his supervisor to remove the curtain for aesthetic reasons about a year or two before the incident, and was told to leave it in place. Pl.'s Opp. Br. Ex. 2, Alaniz Dep. Tr. 31:7-34:12.

Defendant counters that even if its employees were aware of the curtain's existence, they were not aware that it posed a danger because there were no prior complaints or incidents regarding it. Def.'s Br. 14. However, as long as Defendant was aware that the curtain was in place it is for the jury to decide whether it created an unreasonably dangerous condition.[1] The lack of any prior complaints is not dispositive to the reasonableness determination. Further, Plaintiff is not required to show that Defendant's employees were subjectively aware that the curtain posed a danger, only that they knew about the curtain and that it was unreasonable not to remove it or make it safer. Since Defendant's own overt acts led to the curtain hanging under the sink in the restroom, the issue of constructive notice is not the appropriate analysis for granting summary judgment.

## IV. Plaintiff's causation evidence is not so speculative as to warrant summary judgment.

Defendant argues that any evidence that the curtain caused Plaintiff's fall is purely speculative and insufficient for a reasonable jury to find in her favor. Def.'s Br. 14-15. To support a claim for negligence at the summary judgment stage, a plaintiff must introduce specific factual evidence to support its theory of causation and not rely on mere speculation. *Ross v. F.D.I.C.*, 625 F.3d 808, 817 (4th Cir. 2010) (quoting *Driggers v. Sofamor, S.N.C.,* 44 F. Supp. 2d 760, 765 (M.D.N.C.1998)) ("To survive summary judgment, the non-movant must bring forth 'fact-specific and not merely speculative' evidence establishing the cause of her injury."). The

---

[1] In its reply brief, Defendant relies on dicta in *Payne v. Wal-Mart Stores, Inc.*, No. SAG-10-CV-2241, 2011 WL 6738501 (D. Md. Dec. 21, 2011), suggesting that notice might be at issue even in a case where the alleged hazard was a manhole cover permanently installed on the defendant's property. Def.'s Reply Br. 5-6. In denying Wal-Mart's motion for summary judgment, the Court stated that "[o]ther questions must also be resolved by a jury in this case . . . includ[ing] whether Wal–Mart created a dangerous condition about which it knew or should have known." *Id.* at *2. However, the issue of notice was not directly addressed, and since summary judgment was denied the case does not fully support Defendant's argument. The Court does not resolve here whether Defendant might be entitled to make arguments regarding lack of notice to the jury.

evidence must amount to a "probability, not just a possibility" that the defendant's negligence is what caused the plaintiff's injuries. *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671-72 (D. Md. 1999), *aff'd*, 213 F.3d 632 (4th Cir. 2000); *see also Casey v. Geek Squad® Subsidiary Best Buy Stores*, L.P., 823 F. Supp. 2d 334, 352 (D. Md. 2011). As the Maryland Court of Special Appeals has stated:

> [T]he jury cannot be allowed to speculate as to what, out of infinite possibilities, might have caused the fall. To choose one disputed actual observation of an event over another contradictory observation is a classic function of fact-finding. To conjure up a theory out of nothing, by contrast, is rank speculation.

*Garval v. City of Rockville*, 938 A.2d 51, 56 (Md. Ct. Spec. App. 2007). In *Garval*, the elderly plaintiff was a guest at a bar-mitzvah reception who fell from the terraced patio onto the surrounding lawn. *Id*. at 52. The plaintiff could not recall why she fell and nobody else could testify as to the cause of her fall. *Id*. at 56. The court discussed the myriad possible causes, from a trip over a foreign object to sudden dizziness to the "vicissitudes" of her age. *Id*. Since there was no evidence to suggest that one possible cause was more probable than another, the court affirmed the grant of summary judgment to the defendant. *Id*.

Defendant essentially argues that this case is indistinguishable from *Garval*. It quotes Plaintiff's testimony that the curtain "must have" wrapped around her foot to imply that she is merely guessing at the cause of the fall. Def.'s Br. 14-15. Defendant also argues that the alleged hearsay statement that Plaintiff attributes to an unidentified witness cannot be considered as part of her causation evidence. *See Tasciyan v. Med. Numerics*, 820 F. Supp. 2d 664, 670 (D. Md. 2011) ("[H]earsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment.").

This case is distinguishable from *Garval* because Plaintiff here has introduced sufficient evidence for a reasonable jury to conclude that the curtain is what caused her to fall, even

without considering the alleged hearsay statement.[2]  Plaintiff testified at her deposition that she recalls falling in Defendant's restroom, that something caught her foot, and that she believed it to be the curtain even if she did not see so directly.  Pl.'s Opp. Br. Ex 1, Frostbutter Dep. Tr. 41:23-41:25, 50:19-52:17, 55:8-55:17.  There is uncontroverted testimony that the curtain was hanging under the sink at that time, and Plaintiff and at least one of Defendant's employees recall the curtain overlapping and hanging onto the floor.  *Id.* at 49:13-50:2; Pl.'s Opp. Br. Ex. 4, Twinam Dep. Tr. 19:8-21:20.  Even if there are other possible explanations for Plaintiff's fall, the Court cannot say that it would be "rank speculation" for a jury to conclude that she tripped over the curtain.  Unlike in *Garval*, Plaintiff has introduced a theory of causation and supported it with some specific facts.  Therefore, summary judgment will not be granted on the grounds that Plaintiff's causation evidence is purely speculative.

## V.     Plaintiff was not contributorily negligent as a matter of law nor is Defendant absolved from liability by the open and obvious nature of the curtain.

Defendant argues that Plaintiff was contributorily negligent as a matter of law because she failed to exercise reasonable case for her own safety and the curtain was an open and obvious condition of which it had no duty to warn her.  Def.'s Br. 15-17.  Contributory negligence is a total bar to recovery in the state of Maryland, and is defined as the failure to take ordinary care for one's own safety.  *Faith v. Keefer*, 736 A.2d 422, 443 (Md. Ct. Spec. App. 1999).  Just as possessors of land owe a duty of reasonable care to invitees, they are entitled to presume invitees will act as reasonable people on their property.  *Ramseur v. United States*, 587 F. Supp. 2d 672, 683-84 (D. Md. 2007), *aff'd*, 283 F. App'x 998 (4th Cir. 2008).  However, the reasonable care

---

[2] The parties briefed in some detail whether the hearsay statement by the unidentified witness would be admissible under Federal Rule of Evidence 803(1) (present sense impression) or 803(2) (excited utterance). Pl.'s Opp. Br. 18-20; Def.'s Reply Br. 8-11.  Defendant revisits this issue in its Motion in Limine filed on July 16, 2013 (ECF No. 42).  As the Court does not consider this evidence in resolving Defendant's Motion for Summary Judgment, it will reserve ruling on the admissibility of the hearsay statement until closer to the time of trial.

standard is more lenient for business invitees in retail establishments, where owners should expect customers to be distracted by the attention-grabbing displays of goods for sale. *See Tennant v. Shoppers Food Warehouse Md. Corp.*, 693 A.2d 370, 392 (Md. Ct. Spec. App. 1997) ("The storekeeper expects and intends that his customers shall look not at the floor but at the goods which he displays to attract their attention and which he hopes they will buy."); *Diffendal v. Kash & Karry Serv. Corp.*, 536 A.2d 1175, 1178 (Md. Ct. Spec. App. 1988) (quoting *Borsa v. Great Atlantic and Pacific Tea Co.*, 215 A.2d 289, 292-93 (Pa. Super. Ct. 1965)) ("The standard of care applicable to a customer in a store is not as high as that imposed upon a pedestrian on a sidewalk.").

The burden of establishing contributory negligence is on the defendant. *Ramseur*, 587 F. Supp. 2d at 685. To hold that a plaintiff is contributorily negligent as a matter of law, the court must find that the plaintiff committed "some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds." *Baltimore & O.R. Co. v. Plews*, 278 A.2d 287, 293 (Md. 1971) (quoting *Baltimore Transit Co. v. State for Use of Castranda*, 71 A.2d 442, 447 (Md. 1950)); *Pfaff v. Yacht Basin Co., Inc.*, 473 A.2d 479, 483 (Md. Ct. Spec. App. 1984) (quoting *Kirby v. Hylton*, 443 A.2d 640, 647 (Md. Ct. Spec. App. 1982)).

A possessor of property has no duty to warn invitees of dangerous that are open and obvious to the ordinary observer. *Ramseur*, 587 F. Supp. 2d at 684; *Gellerman v. Shawan Rd. Hotel Ltd. P'ship*, 5 F. Supp. 2d 351, 353 (D. Md. 1998). Invitees have a duty to look around and observe what surrounds them. *Ramseur*, 587 F. Supp. 2d at 684 (citing *Tennant*, 693 A.2d at 374). When there is an appreciable danger present, invitees must take proper precautions for their own safety consonant with what would be foreseeable to a reasonably prudent person.

*Kassama v. Magat*, 767 A.2d 348, 359 (Md. Ct. Spec. App. 2001), *aff'd*, 792 A.2d 1102 (Md. 2002); *Robertson v. Shell Oil Co.*, 367 A.2d 962, 968 (Md. Ct. Spec. App. 1977). However, whether the conduct of business invitees constitutes negligent inattention to surroundings in the midst of other demands on their focus is a highly fact-specific question that often should be left for the jury. *Diffendal*, 536 A.2d at 1178 (citing *Borsa*, 215 A.2d at 292-93). Only when "it is clear that any person of normal intelligence in his position must have understood the danger" should the issue be resolved by the court. *Pfaff*, 473 A.2d at 483 (quoting *Gibson v. Beaver,* 226 A.2d 273 (Md. 1967)).

Defendant argues that this case is analogous to *Ramseur v. United States*, 587 F. Supp. 2d 672 (D. Md. 2007). There, the plaintiff was a customer attending a presentation in the conference room of a United States Post Office branch. *Id*. at 675. While exiting the room, she tripped when her high-heeled shoes became trapped in a perforated mat that was on the conference room floor. *Id*. The purpose of the mat was to cover up the wires and cords needed for the presentation equipment so as to prevent people from tripping over them. *Id*. at 680. The plaintiff testified that she did not look down and did not notice the mat as she exited the conference room. *Id*. at 684. The court found that she failed to exercise ordinary care by not looking where she was going while walking in high heels. *Id*. at 684. The court also found that the mat was an open and obvious danger. *Id*. at 684. Defendant argues that Plaintiff here was even more negligent than the plaintiff in *Ramseur* because she had actually observed the curtain on numerous occasions prior to her fall. Def.'s Br. 16.

Defendant also analogizes this case to *Pfaff v. Yacht Basin Co., Inc.*, 473 A.2d 479 (Md. Ct. Spec. App. 1984). There, the plaintiff and his wife were business invitees using the defendant company's parking lot. *Id*. at 481. The plaintiff backed his pickup truck into a

parking spot on the upper tier of the lot, where there were bumper guards for the cars but no guardrails to prevent a person from falling to the lower tier. *Id.* The plaintiff testified that he fully observed the surrounding conditions when he exited his truck. *Id.* He then climbed into the bed of his truck from the side to retrieve his luggage. *Id.* However, when exiting the truck bed with his suitcase he inexplicably crawled backwards off the back of the truck and fell to the lower tier. *Id.* The court found that the dangers to which the plaintiff subjected himself were open and obvious, yet he nevertheless voluntarily chose to negotiate them. *Id.* at 483-84. Therefore, he was precluded from recovery. *Id.* at 484.

The Court is not convinced that Plaintiff's actions constituted contributory negligence as a matter of law. While Defendant highlights the fact that Plaintiff knew that there was a curtain below the sink before the incident, it does not provide evidence that Plaintiff committed any "prominent and decisive act" that contributed to the incident. Construing the facts in Plaintiff's favor, she merely entered the restroom, washed off her glasses, conversed with the customer next to her, and tripped when she turned to exit. *Id.* at Ex 1, Frostbutter Dep. Tr. 41:4-41:25, 50:19-52:17. Further, in defining her duty of care Plaintiff persuasively analogizes between the restroom and the product display shelves in a retail store. Pl.'s Opp. Br. 22-23. The Court agrees that Defendant could have anticipated that customers' attention would be focused on the sink and mirror and not the curtain below. Finally, Defendant does not identify any specific evidence of carelessness or recklessness on the part of Plaintiff. For this reason this case is distinguishable from *Ramseur*, where the plaintiff was paying so little attention while walking in high heels that she failed to look down and notice a perforated mat on the ground. 587 F. Supp. 2d at 684. Defendant has simply not met its burden showing the absence of any reasonable dispute as to whether Plaintiff was contributorily negligent.

The Court is likewise not convinced that the curtain constituted an open and obvious danger as a matter of law.  Plaintiff observed that a curtain was present under the sink, but the Court cannot conclude that any reasonably prudent person of normal intelligence would appreciate the length of the curtain and the danger of stepping too closely to it.  As Plaintiff points out, "a customer seeing that a curtain exists is distinct from the customer consciously realizing how long the curtain may be, or realizing that the curtain's length is dangerous."  Pl.'s Opp. Br. 22.  This makes the curtain distinguishable from the parking-lot precipice in *Pfaff*, where the danger of falling was readily apparent.  Further, unlike the plaintiff in *Pfaff* who crawled backwards out of the back of his truck bed, Plaintiff here did not voluntarily confront the danger.  Therefore, it must be left to the jury to decide whether Plaintiff acted with reasonable and ordinary care or whether she was contributorily negligent.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Strike and DENIES Defendant's Motion for Summary Judgment.


August 6, 2013                                                  _____/s/_____
                                                                          Charles B. Day
                                                                          United States Magistrate Judge

CBD/ISA